

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. O-6624

Re: Should the County Auditor
of Gregg County approve
the warrant for payment
of a person employed by
the Commissioners' Court
to take an inventory of
county property?

We have received your request for an opinion on the above subject. We also received from you a copy of an opinion written by the Honorable Mike Anglin, District Attorney of Gregg County, which holds, in substance, that the Commissioners' Court has the authority to employ an individual to take and maintain an inventory of county property and to keep such individual employed so long as in their discretion they deem it necessary. We are inclined to agree with Mr. Anglin's opinion in this respect and, in support thereof, we cite Opinion No. O-6463 from this department holding, in substance, that the salary of an assistant custodian and inventory clerk must be paid from the General Fund of the county. We enclose herewith a copy of said Opinion No. O-6463.

In your request you further ask the following question:

"If the Court is authorized to employ a person to take and maintain such inventory and such person performs entirely different duties or no official duties pertaining to an inventory - what is the duty, if any, of a county auditor with respect to approval of warrant for payment of such employee?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. S. Wyche, Page 2

        Article 1651, Revised Civil Statutes of Texas, makes
it your duty to "see to the strict enforcement of the law gov-
erning county finances". Generally speaking, your duty in such
situations would be to satisfy yourself, first, that the person
so employed is engaged in performing certain duties as authorized
by his contract of employment with the Commissioners' Court, and,
second, that such duties are in the discharge of "county business".
In this respect we point out that the term "county business"
should be given a broad and liberal construction so as not to
defeat the purpose of the law. And it is held that the Commis-
sioners' Court has implied authority to do what may be necessary
in the exercise of the duties or powers conferred upon them.
(City National Bank v. Presidio County, 26 S. W. 775; Glenn v.
Dallas County Bois d' Arc Island Levee District, 275 S. W. 137).
However, in regard to the particular situation in question, we
have ruled that such type of employment as contracted for is au-
thorized by law; therefore, your duty in this respect is as fol-
lows: As Article 1661, Revised Civil Statutes of Texas, provides
that all warrants on the county treasurer, except warrants for
jury service, must be countersigned by the county auditor, your
remedy, in the event you determined that such employee is not dis-
charging the duties for which he is employed to perform as per
your question, would be for you to refuse to countersign warrants
on the county treasurer issued to such employee.

        Trusting the foregoing fully answers your question,
we are

                                        Yours very truly,

                                    ATTORNEY GENERAL OF TEXAS

                                By  Robert L. Lattimore Jr
                                    Robert L. Lattimore, Jr.
                                                Assistant

RLL/JCP
Enclosure-1

APPROVED
OPINION
COMMITTEE